# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN SOTO PALMER, *et al.*,<br><br>　　　　Plaintiffs – Appellees,<br><br>　　v.<br><br>STEVEN HOBBS, in his official capacity as Secretary of State of Washington, and the STATE OF WASHINGTON,<br><br>　　　　Defendants – Appellees,<br><br>　　and<br><br>JOSE TREVINO, ISMAEL G. CAMPOS, and State Representative ALEX YBARRA,<br><br>　　　　Intervenor-Defendants – Appellants. | No. 23-35595<br><br>D.C. No. 3:22-cv-05035-RSL U.S. District Court for Western Washington, Tacoma<br><br>**APPELLANTS' MOTION TO HOLD BRIEFING IN ABEYANCE** |

## INTRODUCTION

This is an appeal from a novel merits decision of the district court holding that a majority-minority legislative district in Washington State (LD-15) electing a Hispanic state senator violates Section 2 of the Voting Rights Act (VRA). Remedial proceedings to adopt a revised map of legislative districts are currently underway in the district court, with the district court committing to make a decision by March 25 so that primary elections can be conducted as scheduled on August 6, 2024. Intervenor-Defendant-Appellants (Appellants) respectfully submit that the interests of judicial economy favor a single set of consolidated briefs addressing all issues regarding both (1) the merits of the district court's VRA holdings and (2) all issues related to the district court's adoption of a remedial map.

To permit such consolidated briefing and consideration, Appellants respectfully request that this Court hold briefing in abeyance during the short period in which the district court considers remedial maps, which is already underway. Appellants also respectfully request that their consolidated opening brief be due 30 days after the district court's adoption of a remedial map, and that subsequent briefing proceed under

1

this Court's ordinary rules. A table setting forth the proposed schedule is included below. Plaintiffs and the State of Washington oppose this motion. Secretary of State Hobbs takes no position.

Because consolidated briefing will conserve private, public, and judicial resources and will not cause meaningful prejudice to anyone, this Court should grant Appellants' motion for an abeyance.

## BACKGROUND

On August 10, 2023, the district court found that the boundaries of the current majority-minority Hispanic citizen voting age Washington Legislative District 15 (LD-15) "violate[d] Section 2's prohibition on discriminatory results." ECF No. 218 at 3. The district court entered judgment for Plaintiffs-Appellees on August 11, 2023, and Appellants filed their notice of appeal on September 8, 2023. ECF Nos. 219, 222.

Appellants subsequently filed a petition for certiorari before judgment with the U.S. Supreme Court, seeking to have this appeal considered together with a related case, *Garcia v. Hobbs*, No. 23-467 (U.S.). That petition is fully briefed and has been circulated for consideration at the Court's January 19, 2024 conference. *See* http://tinyurl.com/dm38x8fv & http://tinyurl.com/44ppbn3y (dockets).

The Court's announcements of actions on either of those dockets could be issued as early as January 22, 2024, when the Court releases its order list for its January 19 conference.

Appellants sought a stay of remedial proceedings from this Court, which was denied on December 21, 2023. *See* CA9 Dkt# 45. Remedial proceedings are thus currently ongoing below. Plaintiffs have submitted five proposed remedial maps, all of which reduce the percentage of Hispanic voting age citizens of the current district, both Plaintiffs and Appellants have submitted expert reports, and all parties have filed briefs. *See* ECF Nos. 248–52.

The district court has indicated that it will "schedule a hearing in the beginning of March to discuss the Court's preferred remedial option." ECF No. 246 at 3. The Washington Secretary of State (Secretary) has indicated that the State requires adoption of a new map by March 25, 2024; no party has objected to that date, and the district court has committed to abiding by it: "[r]egardless whether the State or the Court adopts the new redistricting plan, it will be transmitted to the Secretary of State on or before March 25, 2024, so that it will be in effect for the 2024 elections." ECF No. 218 at 32.

3

Appellants' opening brief is currently due on January 22, 2024. Appellants thus necessarily would not be able to address any remedial issues in a brief filed on that day since the district court will not have made a remedial decision. This motion seeks a short abeyance of the briefing schedule so that Appellants can address both merits- and remedies-based issues in a single consolidated opening brief.

## PROPOSED SCHEDULE

| | |
|---|---|
| 7 Days After District Court's March Remedial Decision | Any party seeking to challenge the district court's remedial decision shall file a notice of appeal |
| 7 Days After Docketing In This Court | Appellants will file a motion to consolidate all appeals |
| 30 Days After District Court's Remedial Decision | Appellants' consolidated opening brief due |
| 30 Days After Opening Brief | Appellees' consolidated answering brief due *[1] |
| 21 Days After Service Of Answering Brief | Appellants' consolidated reply brief due * |

---

[1] Appellants propose that the ordinary streamlined extension of Circuit Rule 31-2.2(a) be available for the answering and reply briefs (but not opening brief). Appellants further propose that if a cross-appeal is filed, that this Court's ordinary schedule and procedures for cross-appeals apply for all briefs after the initial opening brief.

4

**ARGUMENT**

Bedrock principles of judicial economy favor Appellants' request for a short abeyance, which will permit a single set of briefs for all issues presented by the decisions below. Absent such an abeyance, the existing briefing schedule will compel merits and remedial issues to be argued separately across dispersed briefs, since Appellants' opening brief on merits issues is currently due on January 22 and the district court will not adopt a remedial map until March. But the short abeyance that Appellants seek here will permit consolidated briefing and simplify the issues presented to this Court by unification of all related arguments. This request is thus supported by good cause and will not prejudice any party.

A short abeyance will also likely permit the parties to account for any action by the U.S. Supreme Court on Appellants' petition for certiorari before judgment and the related case pending the Supreme Court's appellate docket. Both of these matters are set to be considered at the Supreme Court's January 19 conference, and may be acted upon as early as when the Court releases its January 22 order list. If the Supreme Court grants Appellants' petition, it would eliminate any need

for briefing in this Court by divesting this Court of appellate jurisdiction. And if the Supreme Court takes action in *Garcia*, it could similarly have an impact on this matter.

The requested abeyance will not cause Plaintiffs any significant prejudice—or likely any at all. If this Court follows its ordinary practices, it is virtually certain that it (1) will consolidate all merits-based and remedies-based appeals together for consideration and decision, and (2) will not calendar the consolidated appeals until all briefing is complete. The abeyance sought is thus unlikely to delay consideration and decision by this Court since completion of briefing on remedial issues is likely to be the relevant bottleneck on calendaring and decision—not whether or not an abeyance on merits-issue briefing is granted. And because briefing on remedial issues cannot—by definition—begin until the district court issues a remedial decision, that remedial decision will ultimately be the determinative factor of when consolidated appeals are ripe for calendaring.

Indeed, Appellants' proposed schedule likely represents a material *acceleration* of briefing: a notice of appeal would not otherwise be due until 30 days after that decision and the opening brief typically would be

due several months after docketing.[2] But Appellants' proposed schedule shortens that opening-brief period to 30 days after the remedial decision.

In any event, the district court has committed to issuing a remedial decision by March 25, 2024. ECF No. 218 at 32. As a result, the potential for delay is minimal since the requested abeyance will only be for approximately two months. Thus, even if there were a delay attributable to an abeyance, rather than the pre-existing need to await a remedial decision for remedial briefing to begin, such a delay would be short and amply justified given the manifest efficiencies of consolidated briefing.

In addition, Appellants' proposed schedule affords Plaintiffs the same time that they would ordinarily receive under this Court's rules and practices: *i.e.*, 30 days after the opening brief is served to file an answering brief, with the possibility of obtaining a 30-day extension upon request under Circuit Rule 31-2.2(a). That proposal—which mirrors this

---

[2] For example, this appeal was docketed on September 12, 2023, and the initial scheduling order set a December 21, 2023 deadline for Appellants' opening brief—*i.e.*, over four months after the district court's decision.

Court's default rules and procedures—will cause Plaintiffs no prejudice. Instead, it leaves their timetable unchanged.[3]

Appellants' request for an abeyance is also unlikely to cause the State Defendants any prejudice. The Attorney General, acting on behalf of the State, did not offer a substantive defense of the legislative map of his own State and elected not to appeal the district court's merits decision invalidating that map. Given his unwillingness to defend duly enacted maps promulgated under Washington law, it is unclear what interests he possesses that could be prejudiced. In any event, because (as discussed above), the requested relief will not delay (and may in fact accelerate) the ultimate resolution of this case, neither the State nor the Secretary of State will experience any prejudice.

## CONCLUSION

For the foregoing reasons, this Court should grant Appellants' motion to hold briefing in abeyance and adopt the proposed schedule set forth above.

---

[3] In addition, if a longer extension is needed to secure Plaintiffs' consent to the requested abeyance, Appellants will happily agree to any such reasonable request.

Respectfully submitted,

*/s/ Jason Torchinsky*

Jason B. Torchinsky*
  *Counsel of Record*
Phillip M. Gordon
Caleb Acker
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, NW, Ste 643-A
Washington, DC 20037
Phone: (202) 737-8808
Fax: (540) 341-8809
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
cacker@holtzmanvogel.com

Drew C. Ensign
Dallin B. Holt
Brennan A.R. Bowen
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2575 E Camelback Road, Ste 860
Phoenix, AZ 85381
Phone: (540) 341-8808
Fax: (540) 341-8809
densign@holtzmanvogel.com
dholt@holtzmanvogel.com
bbowen@holtzmanvogel.com

Andrew R. Stokesbary
CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
(206) 813-9322 (telephone)
dstokesbary@chalmersadams.com

*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(B) and Circuit Rule 27-1(1)(d) because this motion contains 1521 words spanning 8 pages, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Century Schoolbook size 14-point font with Microsoft Word.

Dated: January 5, 2024

*/s/ Jason Torchinsky*
Jason Torchinsky

**CERTIFICE OF SERVICE**

I hereby certify that on January 5, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system, which will notify all registered counsel.

*/s/ Jason Torchinsky*
Jason Torchinsky