UNITED STATES COURTS OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN SOTO PALMER, *et al.*, | |
| *Plaintiffs-Appellees*, | Nos. 23-35595 & 24-1602 |
| v. | D.C. No. 3:22-cv-05035-RSL |
| STEVEN HOBBS, in his official capacity as the Secretary of State of Washington, and the STATE OF WASHINGTON, | United States District Court for the Western District of Washington Tacoma, Washington |
| *Defendants-Appellees*, | **PLAINTIFFS-APPELLEES' MOTION TO TRANSFER CONSIDERATION OF ATTORNEYS' FEES TO DISTRICT COURT** |
| and | |
| JOSE TREVINO, ISMAEL CAMPOS, and ALEX YBARRA, | |
| *Intervenors-Defendants-Appellants*. | |

## MOTION TO TRANSFER CONSIDERATION OF ATTORNEYS' FEES

Plaintiffs-Appellees file this motion to transfer consideration of attorneys' fees to the district court, or in the alternative to extend the deadline for filing such a fee request in this Court until 30 days after the deadline to seek certiorari passes or certiorari is denied, or if certiorari is granted, 30 days after disposition of the case from the U.S. Supreme Court. Plaintiffs have conferred with counsel for the other parties in this suit to obtain their positions on this motion. The State of Washington and Secretary Hobbs take no position on this motion. Intervenors oppose the motion to transfer but do not oppose the motion to extend the deadline.

On August 27, 2025, this Court ruled in favor of Plaintiffs-Appellees, affirming in part the district court's judgment, and dismissing in part because Intervenor-Defendant-Appellants—the only parties appealing the decision below—lacked standing.

As prevailing parties, Plaintiffs-Appellees are entitled to fees. Under the Federal Rules of Appellate Procedure and the Rules of this Court, a request for attorneys' fees "shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed," or within 14 days of the disposition of such a petition if one is timely filed. FRAP Rules, Ninth Circuit Rules, Circuit Advisory Committee Notes, Rule 39-1.6. However, "[a]ny party who is or may be eligible for attorneys fees on appeal to this Court may, within the time

1

permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court . . . from which the appeal was taken." *Id.*, Rule 39-1.8.

Transfer makes sense here because the district court will already be considering a fee petition, and consolidating consideration of appellate fees with consideration of district court fees will preserve time and resources. In exercising its discretion to transfer consideration of fees, relevant factors for this Court to assess include "whether the district court is presently considering a request for fees in connection with district court proceedings," and how best to avoid "a second major litigation." *Orn v. Astrue*, 511 F.3d 1217, 1220-21 (9th Cir. 2008) (internal quotations omitted).

On August 21, 2023, the district court granted an unopposed motion to defer consideration of attorneys' fees until 30 days after the resolution of any appeals in this case. *Soto Palmer v. Hobbs*, No. 3:22-cv-05035 (W.D. Wash. Aug. 21, 2023), Doc. 221. Because the district court will already be considering fee petitions following the conclusion of the appellate process, it would conserve time and resources to consolidate consideration of fees related to the district court proceedings with consideration of fees related to the appeal.

## CONCLUSION

For the foregoing reasons, this Court should transfer consideration of fees for consolidated consideration in the district court. In the alternative, this Court should extend the deadline to file a fee petition in this Court until 30 days after the deadline for certiorari passes, a petition for certiorari is denied, or if granted, until 30 days after the disposition of this case from the U.S. Supreme Court.

September 9, 2025

Respectfully submitted,

*/s/ Mark P. Gaber*

| | |
|---|---|
| Chad W. Dunn | Mark P. Gaber |
| Sonni Waknin | Aseem Mulji |
| UCLA VOTING RIGHTS PROJECT | Simone Leeper |
| 3250 Public Affairs Building | Benjamin Phillips |
| Los Angeles, CA 90095 | CAMPAIGN LEGAL CENTER |
| (310) 400-6019 | 1101 14th St. NW, Ste. 400 |
| chad@uclavrp.org | Washington, DC 20005 |
| sonni@uclavrp.org | (202) 736-2200 |
| | mgaber@campaignlegal.org |
| Thomas A. Saenz | amulji@campaignlegal.org |
| Ernest Herrera | sleeper@campaignlegal.org |
| MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND | bphillips@campaiginlegal.org |
| 643 S. Spring St., 11th Fl. | Annabelle E. Harless |
| Los Angeles, CA 90014 | CAMPAIGN LEGAL CENTER |
| (213) 629-2512 | 55 W. Monroe St., Ste. 1925 |
| tsaenz@maldef.org | Chicago, IL 60603 |
| eherrera@maldef.org | aharless@campaignlegal.org |

Edwardo Morfin
MORFIN LAW FIRM, PLLC

3

2602 N. Proctor St., Ste. 205
Tacoma, WA 98407
(509) 380-9999

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

1. This filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(B) and Circuit Rule 27-1(1)(d) because it contains 519 words spanning 3 pages, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and 32(f).

2. This filing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman size 14-point font with Microsoft Word.

Dated: September 9, 2025

*/s/ Mark P. Gaber*
Mark P. Gaber

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system, which will notify all registered counsel.

*/s/ Mark P. Gaber*
Mark P. Gaber
