**Nos. 23-35595 & 24-1602**

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

---

SUSAN SOTO PALMER, et al.,
*Plaintiffs-Appellees*,

v.

STEVEN HOBBS, in his official capacity as Secretary of State of Washington, and the STATE OF WASHINGTON,
*Defendants-Appellees*,
and

JOSE TREVINO, ISMAEL G. CAMPOS, and State Representative ALEX YBARRA,
*Intervenor-Defendants-Appellants*

On Appeal from the United States District Court for the Western District of Washington
No. 3:22-cv-05036
Hon. Robert S. Lasnik

---

**PLAINTIFFS-APPELLEES' MOTION FOR SUPPLEMENTAL BRIEFING SCHEDULE**

---

Plaintiffs-Appellees ("Plaintiffs") respectfully request that this Court order a schedule, proposed below, for the parties to submit supplemental briefing regarding this Court's further consideration of this matter in light of *Louisiana v. Callais*, as ordered by the United States Supreme Court. *Trevino v. Hobbs*, __ S. Ct __, No. 25-

918, 2026 WL 2976844 (U.S. Oct. 5, 2026).[1] Plaintiffs' position is that nothing in *Callais* alters this Court's original disposition of this appeal and this Court should again issue judgment dismissing Intervenors' appeal of the liability order for lack of jurisdiction and affirming the district court's remedial order. Intervenors-Defendants-Appellants ("Intervenors") have advised that they oppose this motion, oppose further briefing before this Court in both consolidated appeals, and believe the Court should instead remand to the district court without hearing the parties' arguments. The State has advised, without explanation as to the jurisdictional basis to support their position, that they believe the case should be remanded to the district court. The Secretary of State took no position on the motion.

Setting a schedule for supplemental briefing will ensure that this Court has before it all relevant arguments prior to deciding the proper course for its consideration of this matter.

Intervenors' and the State's contention that this Court should remand this case to the district court—without so much as receiving the parties' arguments on the

[1] *Garcia v. Hobbs*, No. 24-2603, was also remanded to this Court for consideration in light of *Louisiana v. Callais*. This Court previously held *Garcia* in abeyance pending resolution of this case. *See, e.g.,* No. 24-2603, Doc. 54. After affirming the district court's invalidation of enacted LD 15 and the remedial map replacing it in this case, this Court held *Garcia* moot. *Garcia v. Hobbs,* 2025 WL 2466997 at *1 (9th Cir. Aug. 27, 2025). Because the resolution of *Garcia* still depends on the outcome of the appeal in this case, where the only party appealing lacks standing to do so, *Garcia* should again be held in abeyance pending a ruling in *Soto Palmer*.

question—is misplaced. Indeed, this Court would exceed its appellate jurisdiction if it were to enter any order other than to dismiss Intervenors' appeal of the district court's liability order. As this Court found, "Intervenors lack standing to appeal the liability finding and lack standing as to the Section 2 claims under the Voting Rights Act." *Soto Palmer v. Hobbs*, 150 F.4th 1131, 1150 (9th Cir. 2025), *cert. granted, judgment vacated sub nom. Trevino v. Hobbs*, No. 25-918, 2026 WL 2976844 (U.S. Oct. 5, 2026). This Court accordingly dismissed Defendant-Intervenor-Appellants' ("Intervenors") appeal of the liability order as well as the remedial order and judgment for lack of jurisdiction, except for Intervenors' equal protection claims. *Id.*

*Louisiana v. Callais*, the impact of which this Court must consider, does not modify Article III appellate jurisdiction jurisprudence in any way or otherwise affect the standing doctrine governing Intervenors' appeal. This Court, therefore, still lacks jurisdiction to do anything other than dismiss the appeal of the liability order. *See United States v. Texas*, 599 U.S. 670, 675 (2023) ("Under Article III, a case or controversy can exist only if a plaintiff has standing to sue—a bedrock constitutional requirement that this Court has applied to all manner of important disputes."). The Court has Article III jurisdiction to *determine* whether it had Article III jurisdiction. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 292 n.57 (1947); *E.V. v. Robinson*, 906 F.3d 1082 (9th Cir. 2018) (stating that "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction") (internal quotations

and citation omitted). But having concluded that the Court lacks jurisdiction over Intervenors' appeal of the district court's liability order, the only order this Court has jurisdiction to enter is one of dismissal. It has no Article III jurisdiction to vacate the liability order or remand for further proceedings on the question of liability, which were resolved in a final judgment. No party with standing to do so timely noticed an appeal of that judgment.

As to Intervenors' argument that the remedial map is an unconstitutional racial gerrymander, Plaintiffs maintain that this argument was waived because it was never presented to the district court. *See* Doc. 55.1 at 71-76. But even if this Court were to reconsider this argument in light of *Callais*, the Supreme Court in that decision did not alter the racial predominance standard governing Intervenors' racial gerrymandering claims. *See Louisiana v. Callais*, 146 S. Ct. 1131, 1147 (2026) (affirming that "in gerrymandering cases a challenger *must* show race was the government's *predominant* consideration.") (emphasis added). This Court already applied that exact standard and held that race was not even *a* motivation in the configuration of the remedial plan, let alone a predominant one. *Soto Palmer v. Hobbs*, 150 F.4th at 1149. Thus, this Court's assessment still stands, with no reason to remand.

After the U.S. Supreme Court has granted a petition for certiorari, vacated a prior judgment, and remanded for further consideration in light of new Supreme

Court precedent, this Court has often taken the course of assessing the impact of the new precedent without returning the matter to the district court. *See, e.g.*, *United States v. King*, 979 F.3d 1218, 1220 (9th Cir. 2020); *United States v. Gonzalez*, 450 F. App'x 662, 664 (9th Cir. 2011); *Smith v. Mitchell*, 624 F.3d 1235 (9th Cir. 2010), *cert. granted, judgment rev'd sub nom. Cavazos v. Smith*, 565 U.S. 1 (2011). For example, this Court followed that process just last month in *Childs v. San Diego Family Housing, LLC*. __ F.4th __, No. 24-1256, 2026 WL 2871733 (9th Cir. Sept. 24, 2026). In that matter, like in this one, the Supreme Court granted a petition for certiorari, vacated the judgment, and remanded the case for further consideration in light of a recently decided Supreme Court case. *San Diego Fam. Hous., LLC v. Childs*, 146 S. Ct. 2805 (2026). Rather than remanding to the district court, this Court responded by addressing the relevant doctrine "consistent with that remand," ultimately deciding to affirm the district court. *Childs v. San Diego Fam. Hous., LLC*, 2026 WL 2871733, at *14 n.1. There was no need in *Childs*, nor is there a need here, to remand the matter to the district court when the impact of the new precedent can be fully assessed by the appellate court based upon the record already before it.

In order to further address these arguments, Plaintiffs respectfully request that this Court order a supplemental briefing schedule. Pursuant to United States Supreme Court Rule 45, the Supreme Court's mandate will not issue until at least

November 6, 2026, 32 days after the writ of certiorari was granted. Plaintiffs then propose the following schedule:

- Intervenors' Supplemental Opening Brief: **December 16, 2026**
- Plaintiffs' and State Defendants' Supplemental Response Brief: **January 25, 2027**
- Intervenors' Supplemental Reply Brief: **February 16, 2027**

These dates will allow the parties the opportunity to address the threshold question of what actions are within this Court's jurisdiction and how *Callais* does or does not impact this Court's judgment prior to any further steps by this Court. For the foregoing reasons, Plaintiffs respectfully request that this Court order the requested supplemental briefing schedule.

October 30, 2026

Respectfully submitted,

*/s/ Mark P. Gaber*
Mark P. Gaber
Aseem Mulji
Simone Leeper
Benjamin Phillips
CAMPAIGN LEGAL CENTER
1333 New Hampshire Ave. NW
Suite 300
Washington, DC 20036
(202) 736-2200
mgaber@campaignlegal.org
amulju@campaignlegal.org
sleeper@campaignlegal.org
bphillips@campaiginlegal.org

Chad W. Dunn
Sonni Waknin
UCLA VOTING RIGHTS PROJECT
3250 Public Affairs Building
Los Angeles, CA 90095
(310) 400-6019
chad@uclavrp.org
sonni@uclavrp.org

Thomas A. Saenz
Ernest Herrera
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATION FUND
643 S. Spring St., 11th Fl.

Los Angeles, CA 90014
(213) 629-2512
tseanz@maldef.org
eherrera@maldef.org

Edwardo Morfin
MORFIN LAW FIRM, PLLC
2602 N. Proctor St., Ste. 205
Tacoma, WA 98407
(509) 380-9999

Annabelle E. Harless
CAMPAIGN LEGAL CENTER
55 W. Monroe St., Ste. 1925
Chicago, IL 60603
aharless@campaignlegal.org

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

1. This filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) and Circuit Rule 27-1(1)(d) because it contains 1,204 words spanning 6 pages, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and 32(f).

2. This filing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman size 14-point font with Microsoft Word.

Dated: October 30, 2026

*/s/ Mark P. Gaber*
Mark P. Gaber

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system, which will notify all registered counsel.

*/s/ Mark P. Gaber*
Mark P. Gaber